UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JENNIFER WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV1642 HEA |
| ) | |
| CAROLYN W. COLVIN,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq*. For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's applications.

**Facts and Background**

Plaintiff was 28 years old at the time of the hearing. She graduated from high school and attended half of a semester of college. The ALJ determined that Plaintiff had the severe impairments of degenerative disease of the lumbar spine

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be sure. It is in the g drive now
 taken to continue this
suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

and obesity. At the December 9, 2008 hearing, Plaintiff testified that she was 28 years old, that she previously had held clerical jobs, stocked retail store shelves and worked as a car transporter for a rental company. Plaintiff lives with her parents and can do light housework-sweeping and vacuuming. Plaintiff can do laundry if sitting down. Plaintiff has a drivers license and has worked driving rental cars to different locations as far as 50 miles away. Plaintiff also testified she experiences pain from her degenerative disease and requires frequent changes of position. Plaintiff has dieted, but no longer works out because of her pain, which resulted in her gaining back the weight she lost from working out.

A vocational expert also testified. The VE concluded that Plaintiff could still do her past relevant job as a money order clerk. The VE also testified that Plaintiff could still perform her former job even though she had to sit most of the time because she would probably be allowed to get up and move around periodically.

Plaintiff's application for social security and supplemental security income benefits under Titles II, 42 U.S.C. §§ 401, *et seq*. And XVI of the Act, 42 U.S.C. § 1381, *et seq* was denied on August 15, 2007. On July 7, 2009, the ALJ issued an unfavorable decision. On July 16, 2010, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

**Standard For Determining Disability**

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see also *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe

impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a) (4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a) (1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e).  At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611.  If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the

analysis proceeds to the next step. *Id.*. At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

## ALJ's Decision

Applying the foregoing five-step analysis, the ALJ in this case determined at Step One that Plaintiff had not engaged in substantial gainful activity since August 18, 2006, the alleged onset date of disability. At Step Two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar-spine and obesity. At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that met or equaled in severity of any impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR

404.1525, 404.1526, 416.25, and 416.926).

Prior to Step Four, the ALJ found that Plaintiff had the residual functional capacity to lift and carry no more than 10 pounds. Plaintiff can sit for up to six hours in an eight-hour workday, and can stand or walk for up to two hours each in an eight hour workday.  She can no more than occasionally climb, stoop and crouch.

At Step Four, the ALJ determined that Plaintiff was capable of performing her past relevant work as a money order clerk, and therefore, Plaintiff was not disabled, and the ALJ was not required to proceed to Step Five.

## Standard For Judicial Review

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)).  In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that

decision and evidence that detracts from that decision. *Id*. However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id*. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)). The Court should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

## Discussion

In her appeal of the Commissioner's decision, Plaintiff makes the following arguments: (1) the ALJ failed to confirm the testimony of the vocational expert was consistent with the dictionary of occupational titles; (2) the ALJ inadvertently weighed the opinion of a state agency lay person under the rules appropriate for weighing the opinion of a medical consultant; (3) the ALJ failed to properly consider all of Plaintiff's severe medically determinable impairments; (4) the ALJ

failed to properly consider opinion evidence; (5) the ALJ failed to consider Listing 1.04A

**Consistent VE Testimony**

Plaintiff argues that the ALJ's failure to inquire from the VE whether his testimony was consistent with the Dictionary of Occupational Titles requires remand or an award of benefits. This argument is without merit. Although the ALJ failed to question the VE regarding whether the information he provided was consistent with the DOT as required by Social Security Ruling 00–4p, the ALJ's error was harmless. As stated by the court in *Renfrow, v. Astrue*, 496 F.3d 918 (8th Cir.2007), this failure is harmless when no such conflict appears to exist. *Renfrow*, 496 F.3d at 921. Plaintiff has presented nothing to establish any conflict.

**State Agency Lay Person Opinion**

Plaintiff argues that the ALJ relied on the opinion of the state agency lay person as if she was a medical consultant. To the contrary. As correctly argued by the Commissioner, the ALJ merely stated that he considered the opinion, *along with* the evidence from other sources. While the ALJ noted that his RFC finding was the same as the state agency, the ALJ in no way derived his finding based solely on the state agency's conclusion.

**Plaintiff's severe medically determinable impairments**

Plaintiff urges several of the ALJ decision because he did not consider Plaintiff's mental status to be severe, based on the medical evidence provided. Plaintiff argues that the ALJ did not give much or any weight to the opinions of Dr. Field and Dr. Rexroat because they "observed no particular signs" that Plaintiff had significant impairments as a result of mental impairment.

In assessing the medical evidence, the ALJ concluded that Plaintiff's depression was not severe. This finding is supported throughout the record. Dr. Field observed that Plaintiff was alert and oriented with normal speech, logical and goal-directed thought processes, euthymic affect, neutral mood, and good judgment. Plaintiff herself denied any significant psychiatric history or record of psychiatric treatment. Dr. Rexroat's psychological consultive examination of Plaintiff establishes that although Dr. Field had suggested that Plaintiff might benefit from anti-depressant medication, Plaintiff reported to Dr. Rexroat that she had never taken pychotropic medication. Plaintiff did not heed Dr. Field's recommendation. During the examination by Dr. Rexroat, although Plaintiff cried during much of it, Plaintiff had normal speech, memory, judgment, and intelligence.

Furthermore, the ALJ considered Plaintiff's daily activities and found she had no more than mild limitations. She had normal grooming, she was able to

perform household chores, cared for personal grooming, drove, prepared her own meals, and shopped. Additionally, the ALJ considered Plaintiff's ability to perform work as a car transporter during her alleged disability period.

Plaintiff reported that she could get along with others, her hobbies included working cross word puzzles and Sudoku puzzles. She can follow instructions and maintains a part-time job which requires Plaintiff to drive, thus establishing that she is able to concentrate in traffic.

Although Plaintiff's Global Assessment Functioning score was 55, which indicates moderate limitations, the ALJ noted that nothing in either Dr. Fields or Dr. Rexroat's assessments indicated that Plaintiff was significantly limited in her ability to perform work related activities.

The ALJ's conclusion that Plaintiff's depression was not severe, therefore was based upon substantial evidence in the record as a whole.

**Opinion Evidence**

The ALJ is entitled to discount treating physician opinions if it is not supported by credible medical findings of diagnostic tests and other screening. Likewise, if the opinion is largely based on a plaintiff's subjective complaints, rather than objective medical evidence, the opinion is entitled to less weight. *McDade v. Astrue,* 720 F.3d 994, 999 (8th Cir. 2013). The ALJ in this matter

determined that the opinions of Dr. Bailey, Dr. Lieb and Dr. Gahn fell within these categories, based upon the medical evidence he considered. Dr. Bailey reported that Plaintiff was unable to work because she was unable to do repetitive bending and prolonged sitting.  However, the ALJ found this to be inconsistent with his treatment note that same month which stated that Plaintiff had normal stability, strength and tone.  Plaintiff had full range of motion in her lumbar spine, despite her complaints that her pain was worse.

Dr. Lieb's conclusion that lifting, twisting and prolonged sitting aggravated Plaintiff's low back pain was based on Plaintiff's complaints of persistent pain.  In 2005 and 2006, Dr. Lieb had provided lumbar epidural steroid injections, which provided Plaintiff relief.  Plaintiff did not see Dr. Lieb after 2006.

Dr. Gahn reported that Plaintiff could not work until further evaluation in November, 2006, however, one month previous to this opinion, Dr. Gahn noted that Plaintiff ambulated with a steady gait, could rise on both heels and toes and had normal reflexes.  Dr. Gahn provided Plaintiff with a lumbar epidural steroid injection, and when she returned in November, she reported that she was doing somewhat better.  Dr. Gahn noted Plaintiff had negative straight leg raising tests and in February, 2007, Dr. Gahn noted that although Plaintiff reported pain with lumbar spine range of motion, she had no joint tenderness to compression, had

normal sensory function, a normal straight leg test, and normal strength in her extremities.   The Court finds no error, based upon the ALJ's articulated and supported decision.

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545.  An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue,* 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p.  An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

Here, the ALJ considered Plaintiffs impairments and did determine that Plaintiff could perform her relevant past work.  Plaintiff was able to work maintaining a part-time job requiring her to drive a good distance, in spite of her

conditions. Significantly, Plaintiff has no significant side effects from her medications, which provide Plaintiff some relief from the conditions of which she claims to be disabled. Considering the medically supported limitations Plaintiff has, the ALJ determined that Plaintiff could perform her previous sedentary work, with certain limitations, as listed above.

Plaintiff testified that she can drive, do laundry with a chair and do light housework.

When analyzing a claimant's subjective complaints of pain, the ALJ must consider the five factors from *Polaski v. Heckler*: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions. See 739 F.2d 1320, 1322 (8th Cir.1984); see also 20 C.F.R. §§ 404.1529, 416.929. "The ALJ [is] not required to discuss methodically each *Polaski* consideration, so long as he acknowledge[s] and examine[s] those considerations before discounting [the claimant's] subjective complaints." *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir.2000). "Because the ALJ [is] in a better position to evaluate credibility, we defer to his credibility determinations as long as they [are] supported by good reasons and substantial evidence." *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006). As the

Commissioner correctly argues, the ALJ articulated the bases upon which he relied in discrediting Plaintiff's subjective complaints.

**Listing 1.04A**

Listing § 1.04A states:

1.04 *Disorders of the spine.* (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)[.]

20 C.F.R. pt. 404, subpt. P, app. 1 § 1.04A.

As the Commissioner correctly argues, contrary to Plaintiff's argument, the ALJ specifically addressed Listing § 1.04A and found that Plaintiff's degenerative disc disease of the lumbar spine in combination with her obesity did not meet the listing because there was no consistent medical evidence over a 12 month period of compromise of nerve root or spinal cord, with signs required under the specific condition, such as motor loss with atrophy or weakness.

Plaintiff's two aspects in isolated findings are inconsistent with the majority of the record, which evidence normal strength, sensation and reflexes.  Plaintiff's

MRI of her lumbar showed a disc extrusion at one level, but no new herniation. Plaintiff's straight leg test and strength were normal in 2007. Plaintiff was observed to move agilely in August, 2007. She had negative straight leg raise and normal reflexes. The ALJ's consideration of Listing § 1.04 was properly made.

## Conclusion

After careful examination of the record, the Court finds the Commissioner's determination is supported by substantial evidence on the record as a whole, and therefore, the decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is **affirmed**.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 13th day of January, 2014.

_____
**HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE**